UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALLIANZ GLOBAL CORPORATE & SPECIALTY SE
a/s/o BOEHRINGER INGELHEIM INTERNATIONAL
GmbH,                                                                                              21 Civ. 8931

                        Plaintiff,

        -against-                                                                              **COMPLAINT**

M/V MAERSK IDAHO, her engines, tackle,
boilers, etc., *in rem*, MAERSK A/S d/b/a Maersk Line, and
KUEHNE + NAGEL INC. d/b/a Blue
Anchor America Line,

                        Defendants.
------------------------------------------------------------------X

      Plaintiff, ALLIANZ GLOBAL CORPORATE & SPECIALTY SE ("AGCS") as subrogee of BOEHRINGER INGELHEIM INTERNATIONAL GMBH ("BOEHRINGER"), by its undersigned attorneys, Clyde & Co US LLP, complaining of the defendants herein, M/V MAERSK IDAHO, her engines, tackle, boilers, etc., MAERSK A/S d/b/a Maersk Line ("Maersk"), and KUEHNE + NAGEL INC. d/b/a Blue Anchor Line of America ("Kuehne & Nagel"), alleges upon information and belief as follows:

### FOR A FIRST CAUSE OF ACTION

      1.     This is a case of Admiralty and Maritime jurisdiction and is an Admiralty or Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.     Venue in this Court is proper pursuant to the forum selection clause contained in the form bills of lading issued by defendants Kuehne & Nagel and Maersk.

  3. AGCS was and now is a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country with an office and place of business at 28 Liberty St., 24th Floor, New York, NY 10005.

  4. Boehringer was and now is a corporation or other busy entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at Binger Strasse 173, 55216 Ingelheim am Rhein, Germany.

  5. At all times hereinafter mentioned, defendant Maersk was and now is a corporation or other business entity duly organized and existing under and by virtue the laws of a foreign country, with an office and place of business at 9300 Arrowpoint Boulevard, Charlotte, NC 28273.

  6. At all times hereinafter mentioned Maersk was and now is a common carrier and was the owner, charterer, operator and/or manager of the M/V MAERSK IDAHO and operated the vessel in the common and/or private carriage of goods by water for hire between various ports of the world, including ports of the United States.

  7. At all times hereinafter mentioned, Maersk was and is doing business in this District and within the jurisdiction of this Honorable Court, and has consented to the jurisdiction of this Honorable Court pursuant to its form bill of lading terms, which require resolution of disputes in the U.S. District Court for the Southern District of New York.

  8. At all times hereinafter mentioned, defendant Kuehne & Nagel was and now is a corporation or other business entity duly organized and existing under and by virtue the laws of New York, with an office and place of business at 10 Exchange Place, Jersey City, NJ 07302.

9. At all times hereinafter mentioned Kuehne & Nagel was and now is a common carrier, transport logistics and freight forwarding company.

10. At all times hereinafter mentioned, Kuehne & Nagel was and is doing business in this District and within the jurisdiction of this Honorable Court, and has consented to the jurisdiction of this Honorable Court pursuant to its form bill of lading terms, which require resolution of disputes in the U.S. District Court for the Southern District of New York.

11. At all times hereinafter mentioned, defendants were and now are doing business in the this District and within the jurisdiction of this Honorable Court, and defendant M/V MAERSK IDAHO, a ship engaged in the common and/or private carriage of cargo on the high seas between various ports of the world, including ports of the United States, during the pendency of process herein, will be within the District and/or with the jurisdiction of this Honorable Court.

12. At all times hereinafter mentioned, plaintiff was and now is the owner, consignee, underwriter and/or party having the risk of loss of 1,376 (one thousand three hundred and seventy six) cartons of pharmaceuticals (the "Cargo") placed in the custody of Maersk and Kuehne & Nagel, or their agents in good order and condition at the time of the occurrences herein described, and/or was the lawful owner and holder of any claim and right of recovery for the loss thereto.  Plaintiff brings this action not only on its own behalf, but as agent and trustee, and for the account of the owners thereof, and/or on behalf of and for the benefit of others who may ultimately prove to be interested in said shipment, as their respective interests may ultimately appear.

13. On or about December 19, 2019 the Cargo was delivered to defendants at the Port of Antwerp, Antwerp, Belgium, in good order and condition, for transportation on the

M/V MAERSK IDAHO for delivery at Norfolk, Virginia and the defendants then and there accepted the shipment, and agreed to transport and carry the shipment to the port of destination and there deliver the shipment to the consignees in like good order and condition as when shipped, delivered to and received by them, all in consideration of an agreed freight and in accordance with the valid terms and conditions of a certain contract of carriage.

14. Thereafter, the shipment was placed on board the M/V MAERSK IDAHO, and the vessel sailed from the Port of Antwerp, Belgium and arrived at the port of discharge, where defendants failed to discharge and deliver the cargo in the same good order and condition as when delivered to defendants at the port of shipment, but on the contrary, the entire cargo was destroyed due to the negligence or breach of duty of defendants and/or their agents, servants, employees or representatives, resulting in the loss claimed herein.

15. All conditions precedent required of plaintiff and of all other interests in said shipment have been performed.

16. All and singular the premises are true, and within the Admiralty and Maritime Jurisdiction of the United States and of this Honorable Court.

17. By reason of the premises, plaintiff (and those on whose behalf this suit is brought) has sustained damages in the sum of $861,821.82 as nearly as the same can now be estimated, no part of which has been paid.  Plaintiff reserves its rights to increase this amount should its losses and damages ultimately be in excess thereof.

## AS AND FOR THE SECOND CAUSE OF ACTION

18. Plaintiff repeats and realleges paragraphs 1 through 17 of the Complaint with the same force and effect as if repeated and set forth at length herein.

19. On or about the aforementioned dates, the Cargo was delivered to defendants and the M/V MAERSK IDAHO at the Port of Antwerp, Antwerp, Belgium, in good order and condition, for transportation by ocean vessel to the place of delivery as aforesaid. Thereafter, the shipment was placed into the exclusive possession, custody and control of Maersk and Kuehne & Nagel, or their agents, and said defendants, having the shipment in its possession as aforesaid, failed to deliver the cargo in the same good order and condition as when delivered to defendants at the port of shipment, but on the contrary, the entire cargo was destroyed due to the negligence and other breach of duty by Maersk and Kuehne & Nagel, and/or their agents servants, employees or representatives.

20. The loss and/or damage was not caused by any fault, neglect or want of care on the part of the plaintiff, its agents, servants or employees, but was proximately caused or contributed to by the fault, neglect and want of care on the part of Maersk and Kuehne & Nagel, and/or their agents, servants, employees or representatives, in that defendants failed to maintain proper care and security for the shipment, or from other acts, omissions, matters or transactions for which defendants are liable.

21. By reason of the premises, plaintiff (and those on whose behalf this suit is brought) have sustained damages in the sum of $861,821.82 as nearly as the same can now be estimated, no part of which has been paid. Plaintiff reserves its right to increase this amount should the losses and damages ultimately be in excess thereof.

**WHEREFORE**, plaintiff prays:

1. That judgment in the sum of $861,821.82 be entered in favor of the plaintiff and against defendants Maersk and Kuehne & Nagel, together with interest and costs;

2. That process in due form of law according to the practice of this Honorable Court in causes of Admiralty and Maritime jurisdiction may issue against defendants, citing them to appear and answer under oath all and singular the matters aforesaid;

3. That the M/V MAERSK IDAHO be arrested and that said vessel be condemned and sold to satisfy the judgment herein; and

4. That the plaintiff be granted such other and further relief as in law and justice it may be entitled to receive.

Dated: New York, New York
November 1, 2021

                                **CLYDE & CO US LLP**
*Attorneys for Plaintiff*
ALLIANZ GLOBAL CORPORATE & SPECIALTY SE

By: /s/ John R. Keough
John R. Keough
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3900
john.keough@clydeco.us